Dear Ms. Lee:
You have requested an opinion of the Attorney General regarding the ad valorem tax-exempt status of property located within Bossier City. The property consists of two acres and two buildings which are assessed in the name of a corporation. You state that documentation filed by the corporation with the Bossier Parish Clerk of Court does not reflect the nature and/or objectives of the corporation; however, representatives of the corporation assert that it is chartered for agricultural purposes.
You further state that the land is not used for agriculture, but rather constitutes an equipment yard. The original design of the buildings appears to be a warehouse or shop for equipment maintenance, and they are currently used to house a bulldozer and other heavy equipment. The corporate owner takes the position that the improvements on the land are tax-exempt pursuant to R.S. 47:1707. You disagree, and ask us for an opinion to resolve this issue.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment of ad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and State law to the Assessor, the Louisiana Tax Commission and, ultimately, the courts. Attorney General Opinion Nos. 00-54, 96-438, 94-603, 94-602, 93-392, 92-660, 89-500 and 76-114. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you as to the applicable law which may be used in making your determinations.
The jurisprudence of this State has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established. Zapata Haney Corp. v. Larpenter,583 So.2d 867 (La.App. 1st Cir. 1991) writ denied.
As you are aware, Article VII, Section 21(C)(11) of the Louisiana Constitution of 1974 provides the following:
 § 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
 * * *
 (B)(11) agricultural products while owned by the producer, agricultural machinery and other implements used exclusively for agricultural purposes, animals on the farm, and property belonging to an agricultural fair association; (Emphasis added.)
R.S 47:1707, as amended by Act No. 26 of the 1982 Regular Session of the Louisiana Legislature, clarified the definition of "agricultural machinery and other implements used exclusively for agricultural purposes". It provides:
 § 1707 Exemptions, agricultural machinery and implements, farm structures, and timber logging equipment; definition
 For the purpose of applying the exemption from ad valorem taxation provided in Section 21 of Article VII
of the Constitution of Louisiana, the terms "agricultural machinery and other implements used exclusively for agricultural purposes" shall mean agricultural and horticultural implements immediately and directly employed in cultivation, production and harvest of crops and in the raising and management of live stock in use upon agricultural lands owned or leased by the person claiming the exemption. The term also shall include machinery for soil preparation and cultivation, agricultural drills and planters, fertilizer spreaders, crop-dusting airplanes and threshing machinery, hay or grass mowers except lawn mowers, farm wagons and carts, milking machines, farm structures, except a building used for a principle residence, on_farm equipment for the handling of drying of agricultural or horticultural products, and parts of any of the foregoing, all equipment utilized in the logging of timber whether used by the owner or lessor of the agricultural land or on a contractual service basis by someone other than the owner of lessor but shall exclude, except as otherwise provided herein, bulldozers, earth moving, and land clearing equipment utilized in such agricultural activities on a contractual service basis by someone other than the owner or lessor of the agricultural lands involved. (Emphasis added.)
We initially note that if the corporation, in question, constitutes an agricultural fair association, any property owned thereby would be tax-exempt under Section 21(C)(11). While R.S. 47:1707 includes "farm structures" within the exemptions afforded by Section 21(C)(11), it does not define this term. It is axiomatic in statutory construction that words and phrases must be read with their context and shall be construed according to the common and approved usage of the language. LSA-C.C. art. 11 and R.S. 1:3. Merriam-Webster's Collegiate Dictionary, Tenth Edition, 1998, defines "farm" as:
 a tract of land devoted to agricultural purposes a plot of land devoted to the raising of animals and esp. domestic livestock.
Webster's Third New International Dictionary, 1976 Edition, defines "farm" as:
 any tract of land whether consisting of one or more parcels devoted to agricultural and cultivation purposes generally under the management of a tenant or the owner.
The above authorities also refer to a "structure" as:
 something (as a building) that is constructed something made up of parts or material elements and existing in a solid state.
This office has previously addressed the issue of what constitutes a "farm structure". In Attorney General Opinion No. 81-179 the author, utilizing the above definitions and principles of statutory construction, concluded that a "farm structure" consists of any building, house (other than the principal residence), barn, fence or any other construction located on land devoted to agricultural and cultivation purposes.
Accordingly, should you determine that the land in question is not devoted to agricultural and cultivation purposes or the raising of animals (esp. domestic livestock), then the improvements thereon would not constitute farm structures for tax-exempt purposes. We believe this conclusion comports to the tenets of statutory construction and is consistent with the jurisprudential rule that constitutional and statutory grants of exemption and taxation must be strictly construed against the taxpayer desiring the exemption.
We trust the above discussion will assist you in your determination as to the tax-exempt status of the subject property.
 With kindest regards, I am Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH,3/sfj